### SIMON *v.* SPIRO.

JUSTICES OF THE PEACE—PLEADING—APPEAL.

*Defendant was arrested upon a warrant issued by a justice of the peace in a civil suit brought by plaintiff to recover damages for assault and battery. No declaration was filed. Defendant pleaded not guilty, and went to trial upon the merits without objection. Upon special appeal, *held*, that he had waived the filing of a declaration, and that the circuit court should have permitted a declaration to be filed.

*Certiorari* to Gogebic; Haire, J. Submitted June 8, 1900. Decided June 18, 1900.

---

* Head-note by GRANT, J.

Trespass by Julius Simon against Louis Spiro for assault and battery. Plaintiff had judgment in justice's court, and defendant took a special appeal to the circuit. From a judgment reversing that of the justice, plaintiff brings *certiorari.* Reversed.

This case was commenced in justice's court. Plaintiff filed an affidavit charging the defendant with assault and battery, and alleging damages to himself therefrom. Defendant was arrested, brought before the justice, and the affidavit read to him. He pleaded not guilty, and asked for an adjournment, which was granted. On the adjournment day both parties appeared, and went to trial upon the merits, without the filing of a declaration. A judgment of $100 was rendered in favor of plaintiff. Defendant thereupon took a special appeal to the circuit court, alleging want of jurisdiction in the justice's court to try the case, because no declaration was filed. The circuit judge sustained the objection, and reversed the judgment. The case is now before us upon the writ of *certiorari.*

*Julius J. Patek* (*John W. McGrath*, of counsel), for appellant.

*Herb. M. Norris*, for appellee.

GRANT, J. (*after stating the facts*). The judgment is erroneous. Plaintiff's claim is as fully set forth in his affidavit as it could have been in a declaration. Defendant treated the affidavit as a declaration, pleaded thereto, and went to trial upon the merits without objection. He waived the filing of the declaration, and submitted to the jurisdiction of the court. It was his duty to raise objection in the justice's court. Having failed to do this, he will not be allowed to raise it in the appellate court. As this is fatal to the judgment of the circuit court, we need not discuss the other questions raised. It was the duty of the circuit court to permit a declaration to be filed.

Judgment reversed, and case remanded for trial.

The other Justices concurred.